**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3230-17T2

JAMAR FUNCHESS,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

   Submitted May 7, 2019 – Decided May 20, 2019

   Before Judges Hoffman and Enright.

   On appeal from the New Jersey Department of Corrections.

   Jamar Funchess, appellant pro se.

   Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Jamar Funchess, an inmate currently housed at Southern State Correctional Facility, appeals from the December 28, 2017 final agency decision of the Department of Corrections (DOC) which found he committed two prohibited acts. Based on our review of the record in light of the applicable law, we affirm.

The record reflects that, on December 24, 2017, while Funchess was serving a five-year prison sentence at Mid-State Correctional Facility, a senior corrections officer subjected him to a random pat search. Funchess was in a corridor during an "inbound lunch mess movement" when the search was conducted. During the pat down, an altered razor was discovered in Funchess' left sock. He was told to face the wall and initially complied but then acted aggressively. Another officer called in a code to signal a disturbance was in progress. The incident halted the lunch movement for approximately twenty minutes.

Funchess was served with disciplinary charges on December 24, 2017, alleging he committed prohibited acts *.202, "possession or introduction of a weapon such as, but not limited to, a sharpened instrument, knife or unauthorized tool," and *.306, "conduct which disrupts or interferes with the

security or orderly running of the correctional facility." N.J.A.C. 10A:4-4.1(a).[1]

Funchess pleaded not guilty and was assigned counsel substitute per his request. His charges were referred to a hearing officer for further action and a disciplinary hearing was scheduled for December 27, 2017. The hearing was postponed to the next day so the hearing officer could obtain additional information, including the video of the incident, which had been requested by Funchess. The record indicates that after the hearing officer attempted to procure the video, she was advised it did not exist.

On December 28, 2017, the hearing officer heard testimony and reviewed the evidence, including reports of the incident and a photo of the altered razor. Funchess provided a statement at the hearing, denying he committed the prohibited acts. He also claimed he was the subject of retaliation due to a prior complaint he filed against a corrections officer. Funchess further contended that during the incident, he went through two metal detectors which were not set off because he did not have a weapon on him. As to the *.306 charge, he claimed he was not up against the wall during the incident. Funchess declined the opportunity to confront and cross-examine adverse witnesses. See N.J.A.C.

---

[1] Funchess also was charged with *.803/*.002, attempting to assault any person, but was found not guilty of same, so this charge is not discussed in this opinion.

10A:4-9.14(a). However, at his request, statements from other witnesses to the incident were reviewed. The hearing officer found these other witness statements were vague and did not assist Funchess.

At the conclusion of the disciplinary hearing, the hearing officer found Funchess committed prohibited acts *.202 and *.306. Funchess was sanctioned to 240 days' loss of commutation time and 240 days' administrative segregation for the *.202 charge. For the *.306 charge, he was sanctioned to 120 days' loss of commutation time and 120 days' administrative segregation, concurrent to the *.202 charge. Funchess pursued an internal administrative appeal within the DOC and on December 28, 2017, the DOC upheld the hearing officer's determination. This appeal followed.

On appeal, Funchess asserts the decision of the hearing officer should be vacated. He insists the decision is not based upon substantial credible evidence and that he was denied due process, in part, because he was not able to review the video recording of the incident. We disagree.

Our standard of review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse the decision of an administrative agency unless it is

4

"arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Nonetheless, we must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., Div. of Consumer Affairs, 64 N.J. 85, 93 (1973)). Here, although information was supplied by defendant and inmate witnesses, the hearing officer had the prerogative as the fact-finder to adopt as more persuasive the version of events that inculpated appellant. The finding is supported by substantial credible evidence.

Moreover, we discern no due process or procedural violations. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). An inmate's more limited procedural rights are codified in a comprehensive set of DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. The regulations "strike the proper balance between the security concerns of the

prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203.

Funchess was offered and granted a counsel substitute. He also had the right to call witnesses and elected not to cross-examine witnesses. His claim that his due process rights were violated because he was denied the opportunity to review the video recording of his actions is unpersuasive. In fact, this argument is undermined by the record, which reflects the hearing officer attempted to procure the video but it did not exist. All other arguments raised by appellant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION